IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| EMILIO R. PAVON, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:07cv3020 |
| vs. | ) | MEMORANDUM AND ORDER |
| MADISON COUNTY SHERIFF, et al., | ) | |
| Defendants. | ) | |

| EMILIO R. PAVON, | ) | |
|---|---|---|
| Plaintiff, | ) | 4:07cv3022 |
| vs. | ) | MEMORANDUM AND ORDER |
| ARAMARK, | ) | |
| Defendant. | ) | |

This matter is before the court upon the filing of the above-entitled cases. In both cases, the plaintiff, Emilio R. Pavon, asserts identical claims against those he alleges served him food contaminated with vermin or worms at the Madison County Jail on August 8, 2006. In both cases, the plaintiff asserts the same federal civil rights claims pursuant to 42 U.S.C. §1983 based on the unconstitutional conditions of confinement, i.e., the contaminated food served to inmates while the plaintiff was confined in Madison County.

The plaintiff does not require two cases in which to present the same claims against the defendants, and, in fact,"plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138-39 (2d Cir. 2000). "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" <u>Serlin v. Arthur Andersen & Co.</u>, 3 F.3d 221,

1

223 (7th Cir. 1993) (citation omitted).  Accord Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

In this case, the named defendants differ, but the claims, facts, applicable law, prospective witnesses, context and all other facets of the case are identical.  Therefore, I will dismiss the second filed case, i.e., Case No. 4:07cv3022 against Aramark, and I will grant the plaintiff leave to amend Case No. 4:07cv3020 to add Aramark as an additional defendant to that case.   This procedure will avoid the risk of inconsistent judgments and, incidentally, will save the plaintiff a minimum of $350, as the dismissal will occur before any prisoner payment order is entered in Case No. 4:07cv3022.

THEREFORE, IT IS ORDERED:

1. That Case No. 4:07cv3022 is dismissed without prejudice as a duplicate of Case No. 4:07cv3020 in virtually all important respects;

2. That a separate judgment will be entered in Case No. 4:07cv3022;

3. That the plaintiff shall have until February 15, 2007, to file an Amended Complaint in Case No. 4:07cv3020 adding Aramark as a defendant in that litigation; the plaintiff does not have to move for leave to amend the complaint, as leave to amend is hereby granted.

January 24, 2007.                    BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge