IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO R. PAVON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3020 |
| | ) | |
| vs. | ) | PRISONER PAYMENT ORDER |
| | ) | and |
| MADISON COUNTY SHERIFF, et al., | ) | ORDER ON INITIAL REVIEW |
| | ) | |
| Defendants. | ) | |

The plaintiff, Emilio R. Pavon, a prisoner, has filed an Amended Complaint (filing no. 7) and a motion to proceed in forma pauperis ("IFP") (filing no. 2). The court has received a certified copy of the plaintiff's trust account information (filing no. 3). The plaintiff is permitted to proceed IFP.

**Prisoner Payment Order**

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner is required to pay the full amount of the court's $350 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.[1]  28 U.S.C. § 1915(b).  "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

First, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months (or such lesser number of months as may be applicable) preceding the filing of the complaint.  I find that the plaintiff's initial partial filing fee is **$20.93**.  Payment of the initial partial filing fee must be received by **April 6, 2007**, in the absence of which this matter may be subject to dismissal.  The plaintiff may request an extension of time.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments

---

[1] THE "THREE STRIKES" RULE**:**  If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal can count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g).  The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1

of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court. 28 U.S.C. § 1915(b). Therefore, after payment of the initial partial filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of Court shall send a copy of this Order to the appropriate financial official at the plaintiff's institution. The plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time.

## Initial Review

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, complaining that while in the custody of the Madison County Sheriff, he received a dinner prepared by defendant-Aramark which contained worms or vermin. Needless to say, the plaintiff considers the treatment he received at the Madison County Jail well below the standards required by the applicable provisions of the United States Constitution.[2]

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing this lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

---

[2] If the plaintiff was a pretrial detainee at the time, pretrial detainees are not convicted prisoners and, therefore, their rights do not arise under the Eighth Amendment to the U.S. Constitution. Instead, their rights arise under the Due Process Clause of the Fourteenth Amendment. Spencer v. Knapheide Truck Equipment Co., 183 F.3d 902, 905 (8th Cir. 1999), cert. denied. 528 U.S. 1157 (2000). Thus, the rights of pretrial detainees under the Due Process Clause are at least as great as, if not greater than, those of convicted prisoners under the Eighth Amendment, but Eighth Amendment standards are often applied when judging the adequacy of the treatment received by detainees.

The PLRA also limits the recovery of damages for emotional distress.  See 42 U.S.C. § 1997e(e):  "Limitation on recovery.  No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to the docket of District Judge Richard G. Kopf.  However, a Magistrate Judge may conduct initial review.  Having reviewed the Amended Complaint, I find that this case may proceed to service of process, as set forth below.  Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process, after the plaintiff completes the appropriate forms.

THEREFORE, IT IS ORDERED:

1. Filing no. 2, the plaintiff's motion to proceed IFP, is granted, and the plaintiff's initial partial filing fee of **$20.93** shall be collected by the plaintiff's institution and remitted to the court on or before **April 6, 2007**.  Thereafter, the plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2).  The Clerk of Court shall send a copy of this order to the appropriate official at the plaintiff's institution.

2. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide.  The Clerk of Court shall send three summons forms and three form USM-285s ("form 285s") to the plaintiff, together with a copy of this Order.

3. The plaintiff shall, as soon as possible, fill in the forms and send them back to the Clerk of Court.  In the absence of the completed forms, service of process cannot occur.  The plaintiff must provide an address for each party to be served.

4. Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process.  The court will copy the complaint for the Marshal, and the plaintiff does not need to do so.  The Marshal shall serve each summons and complaint without payment of costs or fees.  Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  The plaintiff is hereby notified that failure to obtain service on a defendant within that deadline may result in dismissal of this matter without further notice as to such defendant.

6. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendant(s) or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to all other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

9. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

12. IMPORTANT NOTE: **Any pleading, letter or motion filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 16th day of February, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge