IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO R. PAVON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3020 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MADISON COUNTY SHERIFF and ARAMARK, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of filing no. 7, the Amended Complaint filed by the plaintiff, Emilio R. Pavon, who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, against two defendants, the Madison County Sheriff and Aramark (food services) alleging that they served him food contaminated with vermin or worms while the plaintiff was confined at the Madison County Jail on August 8, 2006.

### Sheriff in Official Capacity Means Claim Against the County

The complaint does not specify whether the Sheriff is sued in his "individual capacity," "official capacity," or both capacities. When not specified, the law presumes that a defendant is sued *only* in an official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

When a County employee is sued in his or her official capacity, the real defendant is the County itself. In other words, a lawsuit against a government employee in his or her official capacity is actually a suit against the governmental employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Because the Amended Complaint in this case does not specify that the Sheriff is sued in his individual capacity or in both capacities, the Sheriff, **at this time**, is not before the court as an individual person, and the County is a defendant, along with Aramark.

### Municipal Liability

A city or county is liable to a plaintiff for civil rights violations only if the violations result from a "custom" or "policy" of the city or county, implemented through the applicable municipal agency or instrumentality. Under 42 U.S.C. § 1983, an employer may not be held liable on an imputed or vicarious basis for constitutional injuries merely because those injuries were inflicted by employees or other persons. See, e.g., Shrum ex rel. Kelly v.

Kluck, 249 F.3d 773, 778 (8th Cir. 2001), *citing* Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 405 (1997) and City of Canton v. Harris, 489 U.S. 378, 385 (1989).

### Amendment to the Complaint

If suing the Sheriff, in his official capacity *only*, is not the plaintiff's intent, he may file a short amendment to the complaint within 30 days of the date of this Order, specifying that the defendant is intended to be sued in his individual capacity or in both his individual and official capacities. The plaintiff does not have to ask for leave to amend the complaint, as leave is hereby given for the purpose stated. If the plaintiff does amend his complaint to sue the defendant in an individual capacity or in both capacities, he will need to request an additional summons form and USM-285 form. That is because government employees are served in different locations in their individual and official capacities.

### PLRA

The Prison Litigation Reform Act ("PLRA") limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal damages.

The PLRA also states, in 42 U.S.C. § 1997e(a), that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that usually, if grievance procedures were available to a plaintiff, and the plaintiff did not complete the available grievance procedures before filing a lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

### Service of Process

This case is assigned to the docket of District Judge Richard G. Kopf. However, a Magistrate Judge may conduct initial review. I find that the plaintiff's Amended Complaint need not be dismissed on initial review. Therefore, as initial review of the complaint is now concluded, it is time for the plaintiff to obtain service of process on the defendants, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendants, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendants, the plaintiff must complete

and return forms which the Clerk of Court will provide.  For service of process upon Madison County (the Sheriff in his official capacity), the Clerk of Court shall send ONE summons and ONE USM-285 form to the plaintiff together with a copy of this Order.  (The plaintiff has already received a summons and a USM-285 form for service on Aramark, see filing no. 9.)

2. The plaintiff shall, as soon as possible, complete the forms and send them back to the Clerk of Court.  In the absence of the completed forms, service of process cannot occur.

3. When completing the forms for service of process on the Madison County, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states:  "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk."   The address of the County Clerk provided on the County's public website is: **Madison County Clerk, 1313 North Main Street, Madison, Nebraska 68748**.  The telephone number is 402-454-3311 (ext. 136).

4. The plaintiff shall have 30 days from the date of this Order to file, if he so wishes, an Amendment to his complaint specifying whether the Madison County Sheriff is sued in an individual capacity as well as, or instead of, official capacity.  If the plaintiff files such an Amendment, he shall be entitled to additional summons and 285 forms. It would be helpful if he could request the additional forms if he files an Amendment.

5. Upon receipt of the completed summons and 285 forms, the Clerk will sign each summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint on the plaintiff's behalf.  The Marshal shall serve each summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint.  Failure to obtain service of process on a defendant within that deadline may result in dismissal of this matter without further notice as to such defendant.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other communication to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document or other communication submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such instrument was mailed to the defendants or to the attorney of any represented

defendant.  **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

      10.    A defendant has twenty (20) days after receipt of a summons to answer or otherwise respond to a complaint.

      11.    The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

      12.    The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

      13.    IMPORTANT NOTE:  **Any communication filed by the plaintiff with the court must bear the plaintiff's original signature.**

      DATED this 26th day of March, 2007.

                                            BY THE COURT:


                                            s/ F. A. GOSSETT
                                            United States Magistrate Judge

INSTRUCTIONS:  SUMMONS FORMS AND FORMS 285
for plaintiffs proceeding pro se and in forma pauperis

1.    A summons form provides notice to a defendant that the defendant has been sued and must answer or otherwise respond to the complaint.

2.    A form USM-285 ("form 285") provides directions to the U.S. Marshal as to whom to serve with process and where to serve the defendant(s).  The U.S. Marshal serves the defendant(s) without cost to you because you are proceeding in forma pauperis ("IFP").

3.    Do not copy your complaint to attach to the summons; the court will do that for you.

4.    You may serve only defendant(s) named in the case caption of the complaint.  If you wish to serve additional defendant(s), you must move for leave to amend the complaint to add the additional defendant(s) to the case caption.

5.    Be sure to print your case number on all forms.

6.    You must give an address for the party to be served.  The U.S. Marshal and the court will not fill in a defendant's address on the forms for service of process.

7.    Where a summons form states:  "You are hereby summoned and required to serve on plaintiff's attorney"  print your name and address.

8.    Where a form 285 states:  "send notice of service copy to requestor at name and address" print your name and address.

9.    Where a form 285 calls for  "signature of attorney or other originator" provide your signature and date the form.

10.   Leave the last part of the summons form blank.  The court will fill in the number of days in which the defendant must answer, and the court will sign and date the form.

11.   Please try not to send back empty or partially blank forms.  Call up or write a letter with your case number handy, so the court can provide free procedural information (although never legal advice).