IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EMILIO R. PAVON, ) | |
| ) | |
| Plaintiff, ) | 4:07CV3020 |
| ) | |
| v. ) | |
| ) | |
| MADISON COUNTY SHERIFF, VERN ) | MEMORANDUM AND ORDER |
| H. JURTH, In his official and ) | |
| individual capacities, ARAMARK, and ) | |
| ARAMARK CORRECTIONAL ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the plaintiff's Motion to Extend Time to Pay Initial Partial Filing Fee (Filing No. 14), and the plaintiff's Motion to Appoint Counsel (Filing No. 23).

**Motion to Extend**

The law addresses the problem of inability to pay the initial partial filing fee as follows:

First, 28 U.S.C. § 1915(b)(4) states: "In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."

Second, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended. *See generally Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

Therefore, the plaintiff's Motion to Extend Time is granted and the initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).

**Motion to Appoint Counsel**

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained:

> 'Indigent civil litigants do not have a constitutional or statutory right to appointed counsel.'... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim.

(Citations omitted.) The plaintiff has capably presented the factual basis for the claims in this proceeding. I find that appointment of counsel is not necessary to enable the plaintiff to pursue those claims. Therefore, the motion for appointed counsel, is denied.

IT IS ORDERED:

1. That the plaintiff's Motion to Extend Time (Filing No. 14) is granted;

2. That the initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2);

3. Plaintiff's Motion to Appoint Counsel (Filing No. 23) is denied;

4. The Clerk of Court is directed to send a copy of this Memorandum and Order to the Plaintiff at his last known address.

DATED this 14th day of June, 2007.

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge