IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO R. PAVON, | ) | 4:07CV3020 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| MADISON COUNTY SHERIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Emilio R. Pavon, who appears pro se, alleges that on August 8, 2006, while in the custody of the Madison County Sheriff,[1] he was served a plate of food that was "contaminated with vermin or worms." (Amended Complaint (filing 7) at 3.) Pavon claims to have suffered emotional injury as a result of the incident, in that he no longer enjoys foods such as spaghetti, noodles, and rice, and he now picks through his food before eating it.

One of the defendants to the action, Aramark Correctional Services, Inc., has filed a motion for summary judgment. Pavon has failed to respond to Aramark's motion, but has recently filed a motion for appointment of counsel.

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). "The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id.* Because Pavon has not demonstrated a need for appointment of counsel, the motion will be denied.

---

[1] Pavon is currently incarcerated at the Tecumseh State Prison.

Aramark's evidence establishes that parts of two caterpillars were found in the food that was served to the Pavon. They were likely garden webworm larvae that came from green vegetables in the meal. Testing showed that the larvae were fully cooked and had not been in Pavon's mouth. Aramark's evidence also shows that it prepares food on site at the Madison County jail under strict sanitary conditions and in accordance with applicable food preparation regulations, and that food trays are delivered in closed carts from the kitchen to the prisoner pods.

Summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir.1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence

2

>of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Pavon cannot prevail against Aramark under any theory of recovery. Even assuming that Aramark might be considered a state actor for purposes of 42 U.S.C. § 1983, there is no evidence that Pavon was deprived of any right, privilege, or immunity secured by the Constitution and laws of the United States. To prevail on an Eighth Amendment claim, Pavon must prove that the defendants were deliberately indifferent to his health and safety. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir.1992) (finding no Eighth Amendment violation where food was alleged to be cold and contaminated with foreign objects). At best, Pavon only has a claim against Aramark under Nebraska law for negligent infliction of emotional distress. In order to be recoverable, however, the "emotional distress must have been so severe that no reasonable person could have been expected to endure it." *Hamilton v. Nestor*, 659 N.W.2d 321, 329 (Neb. 2003). Moreover, "the emotional anguish or mental harm must be medically diagnosable and must be of sufficient severity that it is medically significant." *Id.* Pavon's alleged emotional injury does not rise to this level.[2] Aramark's motion for summary judgment therefore will be granted.

---

[2] Although not relied upon by Aramark, there is also a federal statutory bar to Pavon's claim for compensatory damages for emotional distress, as 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion for appointment of counsel (filing 37) is denied.

2. Defendant Aramark's motion for summary judgment (filing 32) is granted, and Plaintiff's action against this defendant is dismissed with prejudice.

3. The clerk of the court is directed to establish a pro se case management deadline in this case using the following text: "January 15, 2008: summary judgment deadline. (See filing 29)."

December 21, 2007.                    BY THE COURT:

                                                                  s/ *Richard G. Kopf*
                                                                  United States District Judge