IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| EMILIO R. PAVON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3020 |
| | ) | |
| v. | ) | |
| | ) | |
| MADISON COUNTY SHERIFF | ) | **MEMORANDUM** |
| VERN H. JURTH, in his individual | ) | **AND ORDER** |
| and official capacities; and | ) | |
| ARAMARK CORRECTIONAL | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Motion for Summary Judgment filed by Defendants Madison County and Sheriff Vern Hjorth in his individual and official capacities.[1] (Filing No. 39.) As set forth in this Memorandum and Order, the Motion shall be granted.

**I.  BACKGROUND**

Plaintiff filed his Complaint in this matter on January 22, 2007. (Filing No. 1.) Plaintiff was thereafter granted leave to file an amended complaint, which was filed

---

[1] In Plaintiff's Complaint, he states that he is suing one defendant—the Madison County Sheriff. In effect, Plaintiff is suing both Madison County and its sheriff in his individual and official capacities. Therefore, Madison County and its sheriff will be referred to as "Defendants." Further, Plaintiff's Complaint names "Vern H. Jurth" as the county sheriff. However, based on the Defendants' Motion for Summary Judgment and accompanying Brief, it appears the correct spelling of Defendant's name is Sheriff "Vern H. Hjorth." Therefore, for clarity, the court will identify Defendant as Sheriff Vern H. Hjorth.

on February 12, 2007. (*See* Filing No. 6 & Filing No. 7.) Pursuant to a Memorandum and Order of the court, Plaintiff supplemented his Amended Complaint on April 2, 2007 for the limited purpose of stating that he is suing Defendant Vern H. Hjorth in his individual and official capacities. (*See* Filing No. 10 & Filing No. 11.) Plaintiff's Amended Complaint alleges that while in the custody of the Madison County Sheriff, Plaintiff was served a plate of food that was contaminated with vermin or worms. (Filing No. 7 at CM/ECF p. 4.) Plaintiff alleges that since this incident, he has suffered mentally and emotionally and that his eating habits are not the same. (*Id.* at CM/ECF p. 5.)

Defendants filed their Motion for Summary Judgment on January 15, 2008. (Filing No. 39.) Along with their Motion, Defendants also filed a Brief in Support and an Index of Evidence. (Filing No. 40 & Filing No. 41.) Plaintiff did not file a response to Defendants' Motion.

NECivR 56.1(b)(2) states that "[f]ailure to file an opposing brief *alone* shall not be considered to be a confession of the motion; however, nothing in this rule shall excuse a party opposing a motion for summary judgment from meeting the party's burden under Federal Rule of Civil Procedure 56." The Federal Rules of Civil Procedure and the court's local rules require that evidence in support of a motion for summary judgment be "authenticated by affidavit." NECivR 7.1(b)(2)(C); *see also Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 636 n.20 (8th Cir. 2000) ("To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of [Rule] 56(e). Documents which do not meet those requirements cannot be considered.").

Additionally, the party seeking the entry of summary judgment in its favor must

2

set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each numbered paragraph in the movant's statement" of facts and must contain pinpoint citations supporting the opposition. *Id.*

The court has carefully reviewed the documents submitted by Defendants. While Defendants have submitted a statement of material facts in accordance with the court's rules, Plaintiff has not. Further, Defendants submitted evidence which was properly authenticated by affidavit. In light of this, the court adopts the following undisputed material facts, which are largely taken from Defendants' submission.

## II. UNDISPUTED MATERIAL FACTS

1. Defendant Madison County Sheriff Vern Hjorth ("Hjorth") is the duly elected Sheriff of Madison County, Nebraska. Hjorth has been Madison County Sheriff since 1983, and was Sheriff at all times relevant to Plaintiff's Complaint and Amended Complaint. (Filing No. 41, Attach. 2, at CM/ECF p. 1.)

2. Plaintiff Emilio Pavon was admitted to the Madison County jail on February 21, 2006 on charges of third-degree domestic assault, making terroristic threats and false imprisonment. (*Id.* at CM/ECF pp. 2, 6-7.)

3. On March 9, 2006, Plaintiff complained to Madison County Corrections Officer Leo Hegr ("Hegr") that he found what appeared to be worm larvae in beef stew served to him by corrections staff. (*Id.*, Attach. 3, at CM/ECF p. 2.) Plaintiff did not

complain to Hegr that he had eaten the larvae, and it did not appear to Hegr that Plaintiff had eaten the larvae. (*Id.*)

4. Hegr returned the tray to the kitchen staff and reported the incident to the kitchen staff. (*Id.* at CM/ECF p. 2.) The kitchen staff made Plaintiff a ham sandwich. Hegr returned to Plaintiff's cell and served him the ham sandwich as a substitute. At that time, Plaintiff did not indicate to Hegr that he needed any medical attention or other assistance from the Madison County jail staff. (*Id.*)

5. On March 9, 2006, Plaintiff submitted a written grievance addressing the incident. (*Id.* at CM/ECF p. 4; Attach. 2, at CM/ECF p. 13.) Hegr filed an incident report describing Plaintiff's complaint and the response of the Madison County jail staff. (*Id.*, Attach. 3, at CM/ECF p. 5; Attach. 2, at CM/ECF p. 16.)

6. The Madison County jail contracts with Aramark to provide meals to inmates in the Madison County jail. (*Id.*, Attach. 2, at CM/ECF p. 3.) Aramark took steps to investigate the matter and confirmed that Plaintiff did not consume any of the worm larvae found in the food. (Filing No. 33 at CM/ECF p. 6.)

7. Plaintiff did not report the incident directly to Hjorth, and Hjorth was not involved with preparing or distributing meals to Plaintiff during his incarceration. Hjorth was not present when Plaintiff discovered and reported the worm larvae in his meal. Hjorth did not issue any directive, order or command to any Madison County jail corrections officer to take any action in regard to the Plaintiff's complaint about his food. (Filing No. 41, Attach. 2, at CM/ECF p. 2, 4.)

8. The Madison County jail has not had any prior reported problems of worm larvae in prisoner meals. The Nebraska Jail Standards Board has never advised

Hjorth that the Madison County jail needs to change its prisoner food and meal practices. (*Id.* at CM/ECF p. 3.)

9. Plaintiff did not report that he was in need of any further assistance after the meal was replaced and did not report that he suffered any medical problems as a result of the meal. (*Id.*)

## III. ANALYSIS

### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (internal citation & quotation omitted). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B. Claims Against Madison County and Sheriff Hjorth

Plaintiff's claims against Hjorth in his official capacity are claims against Madison County. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (stating that a suit against a public employee in his or her official capacity is actually a suit against the public employer). A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998). An "official policy" involves "a deliberate choice to follow a course of action . . . made from among various alternatives by an official who has the final authority to establish governmental policy." *Jane Doe A v. Special Sch. Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (internal citation & quotation omitted).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe A*, 901 F.2d at 646.

Here Plaintiff has not established that either a governmental policy or custom caused his injury. Plaintiff did not report the incident directly to Hjorth, nor has Plaintiff established that Hjorth, or any other individual with the authority to establish governmental policy, was involved with preparing or distributing Plaintiff's meals. Furthermore, Plaintiff has not established that the Madison County jail has a continuing, widespread, persistent pattern of serving contaminated meals, or that there was deliberate indifference or tacit authorization of such conduct. On the contrary, once Plaintiff reported the presence of worm larvae, the meal was immediately removed and the officer who received the complaint reported the incident to the kitchen staff and completed an incident report.

Plaintiff's claims also fail as to Hjorth in his individual capacity. As the court explained in its Memorandum and Order granting Defendant Aramark's Motion for Summary Judgment, there is no evidence that Plaintiff was deprived of any right, privilege, or immunity secured by the Constitution and laws of the United States. (*See* Filing No. 38.) To prevail on an Eighth Amendment claim, Plaintiff must prove that the Defendant was deliberately indifferent to his health and safety. *See Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir.1992) (finding no Eighth Amendment violation where food was alleged to be cold and contaminated with foreign objects). Here Plaintiff cannot establish that Hjorth was deliberately indifferent to his health and safety. Once Plaintiff complained that there was worm larvae in his food, the food was immediately removed, the incident was reported to the kitchen staff and Plaintiff was provided with a new meal. Aramark investigated the incident and confirmed that Plaintiff did not eat the contaminated food, and Hjorth reviewed the incident and confirmed that Plaintiff did not report that he suffered any medical problems after being served the contaminated meal.

Furthermore, as Defendants argue in their brief, there is a federal statutory bar to Plaintiff's only claim for relief—compensatory damages for emotional distress without a showing of physical injury. 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Defendant Madison County's and Sheriff Hjorth's Motion for Summary Judgment will therefore be granted.[2]

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (filing no. 39) is granted.

2. A separate Judgment will be entered.

June 10, 2008.                    BY THE COURT:

                                  s/ *Richard G. Kopf*
                                  United States District Judge

---

[2]Defendant Aramark's motion for summary judgment was granted on December 21, 2007. (Filing No. 38.)